**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

*Recieved March 20, 2006*
*witness: Darin H. Bremner*
*03/21/06*

Walter A. Johnson,
Complainant,

v.

Gale A. Norton,
Secretary,
Department of the Interior,
Agency.

Appeal No. 01A60120

Agency No. BIA-04-011
Hearing No. 380-2005-00056X

DECISION

Complainant filed an appeal from the agency's final action dated October 7, 2005. In his complaint, dated February 11, 2004, complainant alleged discrimination based on race (American Indian/Alaska Native), sex (male), national origin (Tlingit), age (█████████), and disability (hearing-impaired) when: (1) on February 26, 2004, he learned that he was not selected for the position of Realty Specialist, GS-11, located at the Alaska Region West-Central Alaska Filed Office, Anchorage, Alaska; and (2) the Southern Plains Regional Human Rights Resources Office did not apply his 10-point Veteran Preference in qualifying him for the foregoing vacancy. Following the completion of the investigation of the complaint, complainant requested a hearing before an EEOC Administrative Judge (AJ). On August 22, 2005, the AJ issued a decision without holding a hearing, finding no discrimination for claim 1 and dismissing claim 2 for failure to state a claim. The agency's final action implemented the AJ's decision.

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the

non-moving party. *Celotex v. Catrett,* 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.,* 846 F.2D 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, summary judgment is not appropriate. In the context of an administrative proceeding, an AJ may properly consider summary judgment only upon a determination that the record has been adequately developed for summary disposition.

Regarding claim 2, we find that to the extent this is a separate claim in the complaint, the AJ properly dismissed the claim for failure to state a claim pursuant to 29 C.F.R. § 1614.107(a)(1). The Commission does not enforce whether a Veterans Preference was properly given or calculated.

Regarding the non-selection at issue in claim 1, the Commission finds that the grant of summary judgment was appropriate, as no genuine dispute of material fact exists. The AJ found that, assuming *arguendo* that complainant had established a *prima facie* case of discrimination, the agency has articulated legitimate non-discriminatory reasons for its actions. The agency's Human Resources Specialist indicated that he rated and scored complainant's application based on the application materials complainant submitted and that complainant and the selectee were both rated as qualified for the position. The selecting official stated that she selected the selectee because he showed better knowledge, skills, and abilities (KSAs) for the position at issue. Specifically, she indicated that the applicants were rated based on KSAs which measured knowledge of realty principles, practices and techniques; knowledge of the principles and concepts of real property, regarding laws, concepts and practices; knowledge of applicants for sales, deeds, and other documents; and the ability to analyze facts, alternatives and problems. The selecting official stated that complainant received a rating of 4 points on the first KSA and 3 points on the second, third, and fourth KSA, whereas the selectee received a rating of 5 points on each and every KSA.

After a review of the record, the Commission finds that the agency articulated legitimate, non-discriminatory reasons for the non-selection. The Commission also finds that complainant failed to provide any evidence showing that the articulated reasons were pretextual or showing that any agency action was motivated by discrimination.[1]

The agency's final action is AFFIRMED.

---

[1] The Commission does not address in this decision whether complainant is a qualified individual with a disability.

3                                                                                          01A60120

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.   If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

*[handwritten margin note: June 16, 20 Deadline]*

4              01A60120

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


MAR 1 5 2006
_____
Date


### CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

MAR 1 5 2006
_____
Date

*Received March 20, 2006*

_____
Equal Opportunity Assistant