I am unsure as to what is meant by "brief" description, "brief" as in short, or "brief" as in legal term. Hopefully, I will do a legal brief (?) and a short brief, just to be on the safe side.

The Letter from Mr. Carlton M. Hadden, Director of the Office of Federal Operations, dated March 15, 2006 which I received on March 20,2003, concerning the Appeal No. 01A60120 Decision of the Equal Employment Opportunity Commission decision and Telling me I can file a civil action is enclosed AS Exhibit # 1

Since early July, 2003, I have been involved with my trying to become employed by the Bureau of Indian Affairs (BIA) for one of three "Realty Specialist" positions that were advertised, one for which I have applied by submitting my original application in July, 2003 for the Realty Specialist position and for the closing date of August 4, 2003. My same original application was re-submitted by Mr. Troy Kahklen, the Juneau area Office Equal Employment Counselor, for the closing date of September 15, 2003, assumably on that same date. Then I made a telephone request to again re-submit my original application on October 6, 2003 to the BIA Southern Plains Employment office which was refused. So I resumed my note taking on the same page of the advertised notice of the open Realty Specialist position and the BIA Southern Plains office refusal for the closing date of October 6, 2003 on the advertising I had available. The original notes I had taken during these times are submitted as evidence (September 1-3, 2003 on back of the original advertised notice of July 14, 2003 as exhibit # 2) and (the original printed employment advertisement for the "Realty Specialist" by E-mail for the deadline October 6, 2003 and my notes I wrote on it pertaining to the BIA refusing to submit my application on same.

During the Equal Employment process of the Bureau of Indian Affairs with Mr. Troy Kahklen (Equal Employment Officer, the main contact at the beginning of the case) operating out of the Juneau Area Office, eliminated, ignored or did not want to have on record one important step of Justice that has been glaringly missing. A possible solution or settlement is not on record as specified by federal regulation with a written offer, signed by both parties. This is supposed to be the first step to finding equitable solution prior to getting into the Equal Employment Opportunity Commission process. A verbal hint by Mr. Kahklen asking what would be needed for a settlement was as close as it came to an offer.

I had followed all the deadlines set by regulations during the federal process since September 3, 2003, The 45 day deadline given by letter (Enclosed) by Mr. Kahklen on October 2, 2003 was, as I understood the intent of the letter as described by Mr. Kahklen, was to meet the forty-five day deadline after the initial contact on or around September 3, 2003 and was set by regulation that we were following.

The Report of Investigation (ROI), investigated by Ms. Jacqueline Burris of EEO Services, was authorized by the Equal Employment Opportunity Commission after the Equal Employment Opportunity Commission decided that my discrimination charges against the Department of the Interior/Bureau of Indian Affairs were "more likely than not". Otherwise the ROI would not have taken place.

Within the ROI, which has the statements of the persons involved with my submitted application and develop the hiring breakdown for the hiring official? They screen, rate the qualifications, and supply all the details to qualify applied individuals for the positions for which they had applied.

Since the Agency did have proof that I was a ten (10) point veteran they must follow a set of guideline from the Office of Personnel Management, which states:,

Applications from 10-point preference eligible must be accepted, as described below, for future vacancies that may arise after a case examining register or continuing register is closed. Agencies must accept applications from other individuals who are eligible to file on a delayed basis only as long as a case examining register exists.

- A **10-point preference eligible** may file a job application with an agency at any time. If the applicant is qualified for positions filled from a register, the agency must add the candidate to the register, even if the register is closed to other applicants. If the *applicant is qualified for positions filled through case examining, the agency will ensure that the applicant is referred on a certificate as soon as possible.* If there is no immediate opening, *the agency **must** retain the application in a special file for referral on certificates for future vacancies for up to three years.* The Office of Personnel Management's *Delegated Examining Operations Handbook* provides detailed instructions.

- A **preference eligible** is entitled to be reentered on each register (or its successor) where previously listed if he or she applies within 90 days after resignation without delinquency or misconduct from a career or career-conditional appointment.

I have known there have been many possible vacancies for the Position of Realty Specialist through out the years ever since I filed with the Agency for the 10 point veteran status and have not been notified of even one position. Once again the Department f the Interior / Bureau of Indian Affairs have decided that their own rules are much better that the ones set by Congress. The basic fact is I do not have a paid position with the Department of the interior nor have I been offered any.

The Age Discrimination in Employment Act of 1967 protects individuals who are 40 years of age or older from employment discrimination. I was over 40 years of age at the time of my August 4, 2003 Realty Specialist application for employment with the BIA. The person that was hired was 38 years of age when hired. The Agency representative has admitted that during the hire decision for the Realty Specialist position that *"..., Ms Glory did not in any way consider Complainant's age* race, sex, national origin *and/or disability."* Quoted from page 12 of 12, in the letter dated 4/4/05 titled "Agency's no opposition to notice of intent to issue a decision without a hearing" that was written by the Agency representative Ms. Chandra R. Postma. Throughout the entire hiring procedure, it has been a blatant story of regarding my age or my disability as of no factor at all as stated in the ROI; for examples: On page 6 in the 2nd paragraph; Ms, Brady states that the person she hired was "in his forties" when he was just thirty-eight (38). So, Ms. Brady did not know the age of the person she hired, (which was much closer to her age) when she hired him. With the Age Discrimination Act looming on every application it behooves the people responsible to be aware of the age of each person being considered for hire as is required by the Age Discrimination Act. It goes on to state that "the Complainants race, sex, *age,* national origin or *Handicap were not factors in her selection";,* and on page 7;, Ms. Cooper, (Human Resource Manager) Indicates that , the Complainant's sex *age, handicap*, and tribal affiliation are *not selective placement factors* and *would not have been **considered in the rating of any applicant**;* and on page 7; "Ms. Glory is **not aware** of the complainant tribal affiliation, *age or that he was handicapped at the time he was rated for the position of Realty Specialist GS-1170-11.* All of the statements are from personnel that are admitting they did not consider my age and handicap, therefore they were breaking the Discrimination laws of Age and Disability. These people are professional in nature and have to KNOW the laws pertaining to age discrimination and disability discrimination so they can avoid them as they were hired to do, which is to avoid discrimination. I know when I was a Veteran Representative had to know the laws and what was in them. None of the federal agencies want or need the publicity of blatant discrimination. The above statements include statements about my Handicap/disability and now involve The Americans with Disabilities Act of 1990. I have enclosed a copy of my most recent hearing tests to prove my handicap (Exhibit # 4). Both laws were not considered in my non selection for the position of Realty Specialist, according to the above statements from the hiring agencies, thereby committing discrimination.

Also, prior to this 4/4/03 letter from the agency the Complainant did not have the particulars of the person hired as to age, sex, and etc., so naturally I did not have anything to use in defense or as a matter of evidence to use in this case, So prior to this letter, I was forced into using the shotgun effect to cover all the possibilities of discrimination. As the person became clearer so did the possible charges.

A fact that was ignored or missed by the EEOC in both their decision and in the appeal. Since my discrimination complaints are for two of these (Age and disability), I find that the agency admitting that they did not consider my age and disability strengthens what I have been saying all along and without a doubt proves my case of six of the nine discrimination charges I have filed in this court. I cannot even see where anyone can take the above statement out of context; due to the "*In any way*" statement and that all of the above individuals were the same in nature but not in sequence of their descriptions.

During the Equal Employment process of the Bureau of Indian Affairs with Mr. Troy Kahklen (Equal Employment Officer, the main contact at the beginning of the case) operating out of the Juneau Area Office, one important step of Justice has been glaringly missing. A written offer signed by both parties, of a possible solution or settlement; is not on record as specified by federal regulation. This is to be the first step to finding equitable solution prior to getting into the Equal Employment Opportunity Commission process. A verbal hint by Mr. Kahklen asking what would be needed for a settlement was as close as it came to an offer.

Within the federal regulations pertaining to discrimination there are several guidelines that are in the "must follow" category as per regulation. Within these guidelines is the portion where both parties are to meet to discuss the possibility of settlement prior to appearing, either in the Bureau of Indian Affairs system or before the Equal Employment Opportunity Commission deciding Judge. The EEO officer Mr. Troy Kahklen, mentioned or asked what would I take to settle and he said he would "take it to his boss". This according to the regulation that says "all offers of settlement must be in writing' is not or was not a legitimate offer of settlement. Also listed in the February 25, 2005 letter from the Administrative Judge, Zulema Hinojos-Fall, on page three (3), Part IV. SETTLEMENT, which states; "Within thirty (30) days of receipt of this Order, the parties are <u>directed</u> to contact each other to define the claim(s) presented, to develop stipulations, as directed (i.e., agreements between the parties <u>that contain facts that are true</u> for purposes of adjudicating this complaint), and to discuss settlement proposals. The parties <u>**must** discuss specific settlement proposals</u>. <u>The agency **must** designate</u> an individual with settlement authority to attend settlement discussions <u>convened by an Administrative Judge</u>." None of the above was ever done to my knowledge and since I am the only one on one side of this coin, the meeting did not take place. I did not know what to do, due to lack of legal knowledge and with the rules from the Administrative judge forbidding contact between parties (Agency and myself) without the Administrative Judges knowledge. I had no way of knowing how to contact Administrative Judge and left it up to the Agencies to contact because I did not have the legal expertise. I have underlined the parts that are necessary for my case and the settlement offers that did not take place. During the settlement, had it taken place, both the agency and the Equal Employment Opportunity Commission would have had to discuss the date of August 4, 2003. They would have had to deny it or admit it. If they had to admit my application was submitted for that date that would have proved that they discriminated against me. If the agency and the Equal Employment Opportunity Commission said under oath that I did not submit my application on August 4, 2003 as I have continuously claimed and if it was proven that I did, they would have perjured themselves and putting their career on the line. So at each of their "MUST DO" part of the regulation demanding an attempt at settlement, both the agency and the Equal Employment Opportunity Commission eliminated that portion (I assume) in hopes it would not be brought forth in court, including the above, at least I feel this is a safe assumption. That I must have my day in court to bring forth witnesses or to present my evidence to be refuted by the Agency is the way I have envisioned justice in the United States of America. Is it not against the law to miss, forget, ignore, misplace, or in any other way to not follow the federal regulations that are in place to protect both the agency and the person or in other words protect both sides. By not pursuing the settlement portion of the regulations, the agencies did the justice

system a greater injustice to the court and to justice, than to me.

Within the 4-4-05 Document by Ms.Chandra R. Postma, the Department of the Interior/Bureau of Indian Affairs agency representative, are the details of the person hired and only then, did I finally find out the specifics about the person hired for the Realty Specialist position from the September 15, 2003 closing deadline. The document shows the date the person hired signed and applied for the same Realty Specialist position was on August 28, 2003 and the agency stamped the Application as received on (September 2, 2003). Whereas mine was not stamped as received until the closing date of September 15, 2003, even though they had my application since July, 2003. Another point of interest is the date of decision of September 19, 2003; whoever heard of that amount of speed from a federal agency. Hire a man in four days after the closure. Hey, they did not even notify me about not hiring me for the August 4, 2003 closing date until February 2004. Unless, there were extremely urgent reason or extreme extenuous circumstances to hire that person fast, like maybe to avoid discrimination

Now the veteran portion of this discrimination charge against the Department of the Interior/Bureau of Indian Affairs. On page 89 of the ROI, it plainly states that the person hired is a non-vet and I am a 5 point vet (Unclear as to a military Veteran or an animal vet). Also please note that under action that I am listed as "NS" (NOT SELECTED) and the person hired is listed as "S" for which they is no corresponding identification letter in the above action. A is listed as the selection letter. On the next page is the listing of priority groups are as follows:

    **PRIORITY I**    **Indian preference eligibles with 30% or more compensable disability VETERAN Preference.**

    **PRIORITY II**    **Indian preference eligibles with 10 Point VETERAN Preference**

    **PRIORITY III**    **Indian preference eligibles with 5 point VETERAN Preference (This is where I fit and applied)**

    **PRIORITY IV**    **Indian preference eligibles (This is where the person hired fits)**

    **PRIORITY V**    **Non-Indian preference eligibles with 30% or more compensable disability Veteran Preference.**

    **PRIORITY VI**    **Non-Indian preference eligibles with 10 Point VETERAN Preference**

    **PRIORITY VII**    **Non-Indian preference eligibles with 5 point VETERAN Preference**

    **PRIORITY VIII**  **Non-Indian, Non-veterans**

The Priority Listing clearly shows that any Veteran has priority over those that follow, I served my country with pride and it is an insult to be shoved aside like I have been during this federal hiring .process.

I had followed all the deadlines set by regulations during the federal process since September 3, 2003, The 45 day deadline given by letter (Enclosed as exhibit #) by Mr. Kahklen on October 2, 2003 was as I understood it to be was to meet the forty-five day deadline set by regulation.

I have tried to obtain a lawyer without any success.

The money I do not have is a big part of why I cannot hire an attorney.

Thus ends my short Brief and the longer brief are the records I have since I started taking notes on September 1-3, 2003.