IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WALTER A. JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>GALE A. NORTON,<br><br>    Defendants. | Case No. 4:06-cv-00147-RRB<br><br>ORDER DENYING COUNSEL |

Walter A. Johnson, representing himself, has filed an employment discrimination complaint, and an application for appointment of counsel.[1] Although there is a right to counsel at public expense in criminal cases, however, that right does not extend to civil cases. The Court may not compel an attorney to assist an indigent litigant without pay.[2] In addition, the Court has no funds to pay attorneys in civil cases. The Court may, however, <u>request</u> that a private attorney represent an

---

[1] *See* Docket Nos. 1, 6, 7.

[2] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

indigent litigant.[3]  The Ninth Circuit Court of Appeals, following the United States Supreme Court, has explained that the exercise of that discretion is guided by several factors:  The Court must determine that the plaintiff (1) cannot afford counsel; (2) has made reasonable attempts to find counsel without success; and (3) has at least a possibility of success on the merits.[4]  Finally, the Court must determine whether the case is so factually and legally complex that the plaintiff needs counsel to articulate his or her claims.[5]

Generally, where an indigent party brings an arguably meritorious action, the action is complicated, and the party requests counsel, the Court will refer the matter to Volunteer Attorney Support at Alaska Legal Services Corporation (ALSC).  The agreement with ALSC requires that the Court pre-screen complaints to ensure that the Court has jurisdiction and that the complaint appears to state a meritorious cause of action.[6]

With this in mind, the Court has reviewed Mr. Johnson's complaint.  In conducting its review, the Court is mindful that it must liberally construe a self-

---

[3]  *See Mallard*, 490 U.S. at 301-02.

[4]  *See Bounds v. Smith*, 430 U.S. 817 (1977); *Ivey v. Board of Regents Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

[5]  *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

[6]  *See also* 28 U.S.C. § 1915(e)(2)(B).

represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[7] Having reviewed the materials filed by Mr. Johnson in this action, the Court concludes that this is not a case appropriate for referral to Volunteer Attorney Support at ALSC, and the use of its limited resources. Mr. Johnson must, therefore, either find an attorney willing to represent him,[8] or represent himself in this action.

**IT IS HEREBY ORDERED:**

1. Mr. Johnson shall represent him/herself in this action, or secure counsel on his own; and

2. Mr. Johnson must serve each defendant with a summons and complaint on or before **October 12, 2006**, or this action will be dismissed without further notice.

DATED this 6th day of October, 2006, at Anchorage, Alaska.

/s/RALPH R. BEISTLINE
United States District Judge

---

[7] See *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (*pro se* prisoner's claims must be liberally construed, and given the benefit of any doubt); *Ortez v. Washington County,*, 88 F.3d 804, 807 (9th Cir. 1996).

[8] Mr. Johnson may wish to contact the Alaska Bar Association's Lawyer Referral Service, at 272-0352, or (800) 770-9999, (outside of Anchorage), for assistance in securing counsel, and an initial 1/2 hour, $50.00 consultation. And he, of course, may contact Alaska Legal Services Corporation himself, to see if they will take his case.